IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| PRESTON MOORE, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 12-00248-CG-C |
| CITY OF MOBILE, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

This action is before the undersigned on Plaintiff's *pro se* motion to proceed without
prepayment of fees pursuant to 28 U.S.C. § 1915.  (Doc. 2).  This motion was referred to the
undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2(c)(1).[1] The consideration
of Plaintiff's motion to proceed without prepayment of fees further requires the undersigned to
screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).[2]  See Troville v. Venz, 303
F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) to non-prisoner actions).  After
consideration by the Court of Plaintiff's affidavit of indigency, Plaintiff's motion to proceed *in*

---

[1] Local Rule 72.2(c)(1) provides for the automatic referral of non-dispositive pretrial
matters to a Magistrate Judge.

[2] Section 1915(e)(2)(B) provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have
been paid, the court shall dismiss the case at any time if the court
determines that--
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is
        immune from such relief.

*forma pauperis* is hereby GRANTED.  However, having screened Plaintiff's amended complaint under § 1915(e)(2)(B), the Court finds that Plaintiff's action is untimely and, therefore, is due to be dismissed without prejudice pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.[3]

## I.   Background Facts.

Plaintiff initiated this action against the City of Mobile on April 9, 2012.  (Doc. 1).  On that same date, Plaintiff filed a motion to proceed without prepayment of fees.  (Doc. 2).  On April 12, 2012, the Court postponed its ruling on the motion to proceed without prepayment of fees and ordered Plaintiff to refile his complaint setting forth his grounds for federal jurisdiction. (Doc. 3).

On April 25, 2012, Plaintiff filed an amended complaint against the City of Mobile, alleging that the City, his former employer, terminated his employment on September 23, 2011, "after [he] gave them papers from [the] Mobile Infirmary stating [he] was manic depression (sic) and would have to be off work. . . ."  (Doc. 4 at 3, 6).  Plaintiff attached to his amended complaint a copy of the "Charge of Discrimination" that he filed with the Equal Employment Opportunity Commission  ("EEOC") the same day that he was fired, in which he accused the City of discriminating against him on the basis of sex, religion, and disability.[4]   (Id. at 6).

_____

[3] This Court's Local Rules authorize full-time magistrate judges to perform all duties prescribed in 28 U.S.C. § 636, including the entry of reports and recommendations as to dispositive matters.  See Ecklund v. Alabama Medical Licensing Comm'n, 2009 WL 4456368, *1 n.1 (S.D. Ala. 2009) (unpublished).  Since it is the undersigned's opinion, based on the preliminary screening of the *pro se* amended complaint, that all claims in this action should be dismissed, it is appropriate to enter that opinion as a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  Id.

[4] In his "Charge of Discrimination," Plaintiff stated that he was disciplined after receiving "write ups" dealing with tardiness and attendance.  (Doc. 4 at 6).  Plaintiff states that, prior to being diagnosed with his disability on September 4, 2011, he was suspended for allegedly (Continued)

Plaintiff also attached to his amended complaint a copy of the right-to-sue letter issued to him by the EEOC on September 27, 2011, four days after he filed his "Charge of Discrimination." (<u>Id.</u> at 5). In the right-to-sue letter, the EEOC informed Plaintiff that: "[b]ased upon its investigation, the EEOC [was] unable to conclude that the information obtained establishes violations of the statutes." (<u>Id.</u>). The right-to-sue letter further advised Plaintiff that he had only ninety days from receipt of the letter to file suit. (<u>Id.</u>).

Plaintiff's allegations in his initial complaint show that he was in possession of the September 27, 2011, right-to-sue letter "a week" after he filed his "Charge of Discrimination" with the EEOC on September 23, 2011. (Doc. 1 at 1). However, Plaintiff did not file his complaint in this action until April 9, 2012, more than six months after receiving the letter. (Doc. 1; Doc. 4 at 5).

Plaintiff acknowledges that he failed to file suit within ninety days of his receipt of the right-to-sue letter, arguing that "the 90 day [rule] should be thrown out in this event" because, for six months after the loss of his job, he had "no money, no job, [and was] homeless." (Doc. 4 at 3-4; Doc. 1 at 1). Plaintiff further states that he was on the wrong medication and "just didn't have the mental strength to face such a big event in [his] life." (Doc. 4 at 3).

II. <u>Standard of Review</u>.

As discussed above, because Plaintiff is proceeding *in forma pauperis*, the Court is required to screen Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B). <u>See</u> <u>Peeples v. Mobile Cnty. Dist. Attorney's Office</u>, 2011 WL 5217257, *1 (S.D. Ala. 2011) (citing <u>Troville</u>, 303 F.3d

---

throwing paper at his supervisor. (<u>Id.</u>). Plaintiff states that his employer told him that he was being terminated because of excessive absences and damage to the time clock. (<u>Id.</u>). Plaintiff disputed this explanation and asserted that he was terminated on the basis of his sex, religion, and disability. (<u>Id.</u>).

at 1260), *report and recommendation adopted by* <u>Peeples</u>, 2011 WL 5289016 (S.D. Ala. 2011).

Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable

basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).[5]  A claim is

frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, <u>id.</u> at 327, or

the claim seeks to enforce a right that clearly does not exist.  <u>Id.</u>

      Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure

to state a claim upon which relief may be granted.  <u>See</u> <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490

(11th Cir. 1997).  To avoid dismissal for failure to state a claim upon which relief can be granted,

the allegations must show plausibility.  <u>See</u> <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 557

(2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

<u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to

raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing]

enough heft to 'sho[w] that the pleader is entitled to relief.'"  <u>Twombly</u>, 550 U.S. at 555, 557

(quotation marks and second brackets in original).  The Court will treat a plaintiff's factual

allegations as true.  <u>Iqbal</u>, 566 U.S. at 678.  However, the Court will not accept as true

"[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as

facts," <u>Jackson v. Bellsouth Telecomms.</u>, 372 F.3d 1250, 1262 (11th Cir. 2004), and

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements[.]"  <u>Iqbal</u>, 566 U.S. at 678.  Furthermore, when a successful affirmative defense

---

    [5]  The frivolity and the failure-to-state-a-claim analysis contained in <u>Neitzke</u> was
unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996.  <u>See</u> <u>Bilal v. Driver</u>, 251
F.3d 1346, 1349 (11th Cir. 2001).  However, dismissal is now mandatory under § 1915(e)(2)(B).
<u>Id.</u> at 1348-49.

appears on the face of a complaint, dismissal for failure to state a claim is also warranted.  See

Jones v. Bock, 549 U.S. 199, 215 (2007).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction

holding them to a less stringent standard than those of an attorney.  See Haines v. Kerner, 404

U.S. 519, 520 (1972).  However, a court does not have "license . . . to rewrite an otherwise

deficient pleading [by a pro se litigant] in order to sustain an action."  GJR Invs. v. County of

Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by* Iqbal, 566

U.S. 662.  Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court

including the Federal Rules of Civil Procedure."  Moon v. Newsome, 863 F.2d 835, 837 (11th

Cir. 1989).

### III. Discussion.

As discussed above, on April 12, 2012, the Court ordered Plaintiff to file an amended

complaint setting forth facts establishing federal jurisdiction over this action.  (Doc. 3).  While

Plaintiff's amended complaint is not the picture of clarity, the Court interprets his allegations as

asserting a claim for relief under the Americans with Disabilities Act ("ADA").  (Doc. 4).

Under the ADA, "a plaintiff must comply with the same procedural requirements to sue

that exist under Title VII."  Bryant v. United States Steel Corp., 428 Fed. Appx. 895, 897 (11th

Cir. 2011) (unpublished)[6] (citing 42 U.S.C. § 12117(a)).  Under Title VII, an employee must file

an administrative charge of discrimination with the EEOC as a prerequisite to a private civil

action, and that charge of discrimination must be filed within 180 days of the alleged act of

---

[6] "Pursuant to Eleventh Circuit Rule 36-2, unpublished opinions are not considered
binding precedent, but may be cited as persuasive authority."  Lanier Constr., Inc. v. Carbone
Props. of Mobile, LLC, 253 Fed. Appx. 861, 865 n.5 (11th Cir. 2007) (unpublished).

discrimination.  See 42 U.S.C. § 2000e-5(e); Stuart v. Jefferson County Dep't of Human Resources, 152 Fed. Appx. 798, 800 (11th Cir. 2005) (unpublished).

In addition, under both Title VII and the ADA, a plaintiff must bring suit within ninety days of receiving a right-to-sue letter from the EEOC.  Bryant, 428 Fed. Appx. at 897 (citing 42 U.S.C. § 2000e–5(f)(1)).  This time limit is non-jurisdictional.  See Shinn v. City of Mobile, 2010 WL 618370, *5 n.1 (S.D. Ala. 2010) (unpublished) (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 398 (1982)).  Therefore, it is subject to equitable tolling.  Id.

"[T]raditional equitable tolling principles require a claimant to justify [his] untimely filing by a showing of extraordinary circumstances."  Jackson v. Astrue, 506 F.3d 1349, 1353 (11th Cir. 2007).  Extraordinary circumstances include "fraud, misinformation, or deliberate concealment."  Id. at 1355.

Plaintiff must show that his failure to file the lawsuit within ninety days of receiving a right-to-sue letter was "through no fault of [his] own."  Bryant, 428 Fed. Appx. at 897 (citing Zillyette v. Capital One Fin. Corp., 179 F.3d 1337, 1339-41 (11th Cir. 1999)).  "[W]here the plaintiff's failure to file was caused by [his] own negligence, the limitations period will not be equitably tolled.'"  Williams v. Lee, 2012 WL 1080578, *2 (N.D. Ga. 2012) (quoting Bryant v. United States Dep't of Agriculture, 967 F.2d 501, 504 (11th Cir. 1992) ("[w]e have found no case in which the actions or inactions of the plaintiff alone have provided a basis for the application of equitable tolling to a limitations period.").

"[T]olling is an extraordinary remedy which should be extended only sparingly."  Justice v. United States, 6 F.3d 1474, 1479 (11th Cir. 1993) (citing Irwin v. Veterans Admin., 498 U.S. 89, 96 (1990)).  The circumstances which courts have generally recognized as giving rise to equitable tolling include "cases wherein plaintiffs have shown misconduct on the part of

defendant which lulled plaintiff to inaction, inadequate notice, a pending motion for appointment of counsel, misleading activity by the court or the EEOC, filing a timely but defective pleading, timely filing in the wrong forum, or circumstances truly beyond the plaintiff's control which prevented the plaintiff from filing in some extraordinary way." Marshal v. City School Bd. of City of Selma, Ala., 2008 WL 5188804, *2 (S.D. Ala. 2008) (unpublished).   "[T]he principle of equitable tolling does not extend to what is at best a garden variety claim of excusable neglect." Bryant, 967 F.2d at 504 (quoting Irwin, 498 U.S. at 96) (internal quotation marks omitted).

In his complaint and amended complaint, Plaintiff acknowledges that he did not file suit within ninety days of receipt of the EEOC's right-to-sue letter and seeks to excuse his delay by arguing that he did not have the money, the resources, or the "mental strength" to deal with the lawsuit at that time.  (Doc. 4 at 3-4; Doc. 1 at 1).  While the Court is sympathetic to Plaintiff's plight, these facts, even if true, do not support an equitable tolling of the limitations period.  See Jackson, 506 F.3d at 1354 ("'Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.'") (quoting Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984)).  The undersigned therefore recommends that Plaintiff's action be dismissed as untimely.

## IV. Conclusion.

For the reasons set forth herein, the Court GRANTS Plaintiff's motion to proceed *in forma pauperis*.  (Doc. 2).  However, after screening Plaintiff's amended complaint under § 1915(e)(2)(B), the Court finds that Plaintiff's action is untimely and, therefore, recommends that this action be dismissed without prejudice pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this 13th day of July, 2012.


s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      ***Objection***.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982) (en banc).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[7] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      ***Transcript (applicable Where Proceedings Tape Recorded)***.  Pursuant to 28 U.S.C. § 1915 and FED. R. CIV. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.   Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[7] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  Fed. R. Civ. P. 72(b)(2).